### MORROW vs. SMITH.

Parties entered into an agreement, under seal, to submit certain matters in dispute to three of their neighbors. The arbitrators so chosen by the agreement of the parties, were not sworn, but the parties took an oath to abide by their decision. They found for the plaintiff $60 00, and defendant thereupon promised to pay it. In an action of assumpsit to recover the amount, the agreement under seal is competent to shew that there was a good consideration for the promise.

### APPEAL from Holt Circuit Court.

WILSON & REES, *for Appellant, insist:*

That the Court erred in permitting the evidence of the appellee to be given, and also in giving judgment without proof of the submission. In an action on an award, it is necessary to prove the authority delegated by the parties to the arbitrators; if the authority be by deed, it must be produced, and the execution by all the parties to the reference proved. 2 Starkie Ev. 137; Doe vs. Bossier, 3 East. Rep. 15; Herbert vs. Cook, Willis Rep. 86.

EDWARDS & JONES, *for Appellee, insist:*

1st. That the award of the arbitrators is binding upon both parties, unless the arbitrators have exceeded their authority, or been guilty of some fraud or improper conduct to the prejudice of the appellant.

2d. That substantial justice has been done in this case, the verdict and judgment having been rendered for the right party.

3d. That where this Court can see that the verdict and judgment have been given for the right party, upon the whole case, it will not reverse the judgment of the Court below, unless *substantial justice* requires it, even although the proceedings of the Court below may not have been in exact accordance with the technical rules of law. 9 Mo. Rep. 305, Maston vs. Fanning.

4th. That this case having originated before a justice of the peace, where cases are decided according to *law* and *equity,* the greatest liberality ought to be extended in favor of the proceedings of the Court below.

5th. That there is no error in the proceedings in the Court below, and that its judgment ought to be affirmed.

McBRIDE, J., *delivered the opinion of the Court.*

This action originated before a justice of the peace, where the plaintiff obtained judgment, from which the defendant appealed to the Circuit Court, where judgment being again rendered against him, he has appealed to this Court.

The record shows that the plaintiff sold to the defendant his claim to the land upon which he resided, for which the defendant was to pay $200, a part of which was then paid, and the balance to be paid at a future day. The agreement was reduced to writing, between the parties, and contained innumerable reservations of house room, pasture land, plough land, &c., in favor of the plaintiff. Endorsed on the article of agreement is a credit of $140, in two payments. Some months after the date of the foregoing transaction, the parties enter into an agreement (or bond) under seal, to submit the matters in dispute between them, concerning the sale and purchase of the land, to the arbitrament of three of their neighbors, named therein. There being present at the time of the meeting of said arbitrators but one justice of the peace, and he being one of the board, the parties dispensed with their being sworn, but took an oath themselves to abide by and stand to the award then about to be made.

The arbitrators awarded that the defendant should pay the plaintiff the sum of $60; on announcing their decision the parties expressed themselves satisfied, and the defendant promised the plaintiff to pay him the sum of $60. The defendant subsequently having failed and refused to pay the $60, the plaintiff brought his action to recover the same.

On the trial in the Circuit Court, objections were raised to the reading of the first agreement, and also to the award of the arbitrators; it was also insisted that no action could be sustained on the award, as it was not under seal, &c. These objections, we think, were properly overruled by the Circuit Court, for the evidence was necessary to explain the transaction and show that the promise made by the defendant, after the announcement of the decision of the referees, to pay the plaintiff $60, was founded upon a good and sufficient consideration.

We have thought proper to state the case and affirm the judgment on the merits, as we are able to collect them, although properly speaking there is no bill of exceptions in the record. The whole record is signed by the Judge.

Judgment affirmed.